## THE PEOPLE *v.* H. F. NICHOL.

INSTRUCTIONS.—Where, on the trial of a defendant under an indictment charging him with murder in the second degree, the Court refused certain instructions, asked by the defendant, to the effect that he could not, under said indictment, be found guilty of murder in the first degree, and the jury returned a verdict of guilty of murder in the second degree : *held,* that the defendant was not prejudiced by such refusal ; and this, whether the refusal was error or not.

INDICTMENT FOR MURDER—PROVINCE OF GRAND JURY.—It is no part of the province of the Grand Jury to determine the degree of murder, and a declaration thereof by their indictment will be disregarded.

DEGREE OF MURDER—DUTY OF TRIAL JURY.—The duty of determining the degree of murder is, by the statute, cast on the trial jury ; and where the indictment charged murder in the second degree, only, they might, nevertheless, according to the nature of the proofs, find the defendant guilty of murder in the first or second degree.

INSTRUCTIONS.—On the trial of a defendant for murder, it was not error for the Court to refuse instructions, asked by defendant, founded on the idea that the question as to the degree of murder of which he could be convicted was not before the jury.

TEST OF SUFFICIENCY OF INDICTMENT.—An indictment for murder will be deemed sufficient if it can be readily understood therefrom that, under such circumstances as show a felonious intent, a mortal wound was inflicted by the defendant upon the deceased—a human being—of which wound he died within a year and a day from its infliction.

TEST TO DISTINGUISH BETWEEN MURDER IN FIRST AND SECOND DEGREES.—Where the killing of a human being is intentional, deliberate, and premeditated, it is murder in the first degree ; and if not, then it is murder in the second degree.

IDEM.—By the statute two classes of murder are declared to be in the first degree, to wit : 1st. When effected by means of poison, lying in wait, or torture ; and, 2d. Where the killing is done in the perpetration or attempt to perpetrate any arson, rape, robbery, or burglary ; in which cases the means employed or the circumstances attending the killing, as the case may be, are, by the mandate of the law, made conclusive of the degree of the crime, and the trial jury are without discretion, except in determining said facts. In all other cases of murder the jury must determine the degree from the circumstances of the kill-

ing, when the test is : if it be done intentionally, deliberately, and premeditatively, it is in the first degree ; otherwise, in the second degree.

IDEM—TIME A·D DEGREE OF DELIBERATION.—To constitute murder in the first degree, it is only necessary that the act of killing be preceded by and the result of a concurrence of will, deliberation, and premeditation on the part of the slayer. There need be no appreciable space of time between the intention to kill and the act of killing ; they may be as instantaneous as successive thoughts of the mind.

DRUNKENNESS OF ONE ACCUSED OF HOMICIDE.—In all cases of murder, except those committed by means of poison, torture, or lying in wait, or in the perpetration or attempt to perpetrate arson, rape, robbery, or burglary, the fact and degree of drunkenness of the slayer at the time of the killing may properly be the subject of proof at the trial and for the consideration of the jury, but with a view, solely, to determine the condition of the mind of the slayer at said time, whether or not it was thereby rendered incapable of forming the intention, if exercising the deliberation and the premeditation which are essential to the existence of murder of the first degree ; as between murder in the first degree and manslaughter the drunkenness of the slayer forms no legitimate matter of inquiry.

APPEAL from the District Court, Tenth Judicial District, Sierra County.

The defendant was indicted for the crime of murder in the second degree of one Lawrence Nolans, on or about April 25th, 1867, in Sierra County, and was, at the July Term of the District Court, within and for said county, tried and convicted of said offense. The defendant appealed from the judgment, and from an order denying his motion for a new trial. The motion for a new trial was based upon the alleged error of the Court in giving, on behalf of the people, certain instructions to the jury, and the refusal of the Court to give to the jury certain instructions asked on behalf of defendant.

· The instructions given by the Court were as follows, to wit :

" Murder is the unlawful killing of a human being, with malice aforethought, either express or implied. The unlawful killing may be effected by any of the various means by which death may be occasioned.

" Express malice is that deliberate intention unlawfully to

take away the life of a fellow creature, which is manifested by external circumstances capable of proof. Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart. All murder which shall be perpetrated by means of poison, or lying in wait, torture, or any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, or burglary, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder of the second degree; and the jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, designate by their verdict whether it be murder of the first or second degree.

" Under our statute, an indictment for murder is sufficient ' if a man of ordinary intelligence can understand therefrom that, under such circumstances as show a felonious intent, a mortal wound was inflicted by the defendant upon the deceased, of which wound he died within a year and a day from its infliction.'

" In dividing murder into two degrees, the Legislature intended to assign to the first, as deserving of greater punishment, all murders of a cruel and aggravated character, and to the second, all other kinds of murder which are murder at common law, and to establish a test by which the degree of every case of murder may be readily ascertained. That test may be thus stated: Is the killing willful, (that is to say, intentional,) deliberate, and premeditated? If it is, the case falls within the first, and if not, within the second, degree. There are certain kinds of murder which carry with them conclusive evidence of premeditation. These the Legislature has enumerated in the statute, and has taken upon itself the responsibility of saying that they shall be deemed and held to be murder of the first degree. These cases are of two classes. First, where the killing is perpetrated by means of poison, etc. Here the means used is

held to be conclusive evidence of premeditation. The second is where the killing is done in the perpetration or attempt to perpetrate some one of the felonies enumerated in the statute. Here the occasion is made conclusive evidence of premeditation.

" Where the case comes within either of these classes, the test question, ' Is the killing willful, deliberate, and premeditated ?' is answered by the statute itself, and the jury have no option but to find the prisoner guilty in the first degree. Hence, so far as these two cases are concerned, all difficulty as to the question of degree is removed by the statute. But there is another and much larger class of cases included in the definition of murder in the first degree, which are of equal cruelty and aggravation with those enumerated, and which, owing to the different and countless forms which murder assumes, it is impossible to describe in the statute. In this class the Legislature leaves the jury to determine, from all the evidence before them, the degree of the crime, but prescribes for the government of their deliberations the same test which has been used by itself in determining the degree of the other two classes, to wit : the deliberate and preconceived intent to kill. It is only in the latter class of cases, that any difficulty is experienced in drawing the distinction between murder of the first and murder of the second degree, and this difficulty is more apparent than real. The unlawful killing must be accompanied with a deliberate and clear intent to take life, in order to constitute murder of the first degree. The intent to kill must be the result of deliberate premeditation. It must be formed upon a pre-existing reflection, and not upon a sudden heat of passion sufficient to preclude the idea of deliberation. There need be no appreciable space of time between the intention to kill and the act of killing—they may be as instantaneous as successive thoughts of the mind. It is only necessary that the act of killing be preceded by a concurrence of will, deliberation, and premeditation on the part of the slayer, and if such is the case, the killing is murder in the first

degree, no matter how rapidly these acts of the mind may succeed each other, or how quickly they may be followed by the act of killing.

" To justify a person in killing another in self defense, it must appear that the danger was so urgent and pressing, that in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary, and it must appear also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given.

"Drunkenness shall not be an excuse for any crime, unless such drunkenness be occasioned by the fraud, contrivance, or force of some other person or persons, for the purpose of causing the perpetration of an offense. But, as in all cases where a jury find a defendant guilty of murder, they have to determine the degree of crime, it becomes necessary for them to inquire as to the state of mind under which he acted, and in the prosecution of such an inquiry his condition, as drunk or sober, is proper to be considered.

"Where the homicide is not committed by means of poison, lying in wait, or torture, or in the perpetration or the attempt to perpetrate arson, rape, robbery, or burglary, the degree of the offense depends entirely upon the question whether the killing was willful, deliberate, and premeditated; and upon that question it is proper for the jury to consider evidence of intoxication, if such there be, not upon the ground that drunkenness renders a criminal act less criminal, or can be received in extenuation or excuse, but upon the ground that the condition of the defendant's mind at the time the act was committed must be inquired after, in order to justly determine the question as to whether his mind was capable of that deliberation or premeditation which, according as they are absent or present, determine the degree of the crime. As between murder in the second degree and manslaughter, the drunkenness of the offender can form no legitimate matter of inquiry, for manslaughter is the unlaw-

ful killing of a human being, without malice, express or implied, and without any mixture of deliberation.

"The killing being proved, the burden of proving circumstances of mitigation to justify or excuse the homicide will devolve on the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the accused was justified or excused in committing the homicide. If you find the defendant has committed a public offense, but have reasonable doubt in which of two or more degrees he is guilty, then you can find him guilty of the least of such degrees only."

The instructions refused were as follows, to wit:

"1. In all cases of crime indictable under the statutes of California, the indictment must be direct and certain as regards the offense charged.

"2. In this case the indictment is for murder in the second degree, and is, therefore, as to the offense, direct and certain, and the defendant can be tried at this time for no greater offense.

"8. If you find that the defendant did threaten the life of the deceased, that must not be taken into account against him, unless you believe his action finally was to carry 'out such threats; or, in other words, if you believe the then present attitude of the deceased created the motive for defendant's action, then any previous threats to him could not amount to anything, and the only questions would be, did he act with such degree of malice, wickedness or wantonness as to make the case murder in the second degree; or did he act from such a sudden and uncontrollable passion as to make the offense, if any, manslaughter; or did he act in necessary self defense?"

*James A. Johnson,* for Appellant.

*J. G. McCullough, Attorney-General,* and *J. M. Haven, District Attorney of Sierra County,* for the People.

By the Court, Sanderson, J.:

The instructions given on behalf of the people are mainly taken from the statute in relation to murder, and the more recent decisions of this Court. They seem to have been prepared with unusual care, and in all respects adapted to the circumstances under which the homicide was committed. They are not even obnoxious to criticism.

If the Court erred in refusing the first two instructions asked on behalf of the defendant, the error was without prejudice. The refusal was to instruct the jury that under the peculiar terms of the indictment they could not find the defendant guilty of murder in the first degree. Having been found guilty of murder in the second degree only, the defendant was not prejudiced by the refusal. But we do not desire by this to be understood as implying that the refusal was error. As we held in the case of *The People* v. *King,* 27 Cal. 507, it is not the province of the Grand Jury to determine the degree of the murder. That duty is, by the statute, expressly cast upon the trial jury, and the designation of the degree by the Grand Jury is, therefore, as idle as a recommendation to the mercy of the Court appended to a verdict of guilty of murder in the first degree. If the Grand Jury undertake to designate the degree, such designation is to be disregarded. The trial jury may, notwithstanding, find the defendant guilty in the first degree, if, in their judgment, the testimony is sufficient.

Nor do we think the Court erred in refusing the eighth instruction, asked in behalf of the defendant, as to the importance to be attached to the threats previously made by him. While it may contain some matter not objectionable, yet as a whole we think it was more calculated to mislead than to enlighten the jury. It is evidently founded upon

28

the idea that the question as to the degree of murder was not before the jury, and at least was so far erroneous.

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.