[Crim. No. 1298. First Appellate District, Division One.—October 25, 1926.]

## THE PEOPLE, Respondent, v. PATRICK HAUGHEY, Appellant.

[1] CRIMINAL LAW—ROBBERY—CONSPIRACY—UNEXPLAINED POSSESSION OF STOLEN PROPERTY—EVIDENCE—VERDICT.—In a prosecution for robbery and conspiracy to commit robbery, while the unexplained possession of stolen property is not sufficient to show guilt, it is a circumstance tending to show guilt and may be considered by the jury in connection with other testimony.

[2] ID.—POSSESSION OF STOLEN PROPERTY—ACCOMPLICE — EVIDENCE — CORROBORATION.—In such prosecution, where defendant's connection with the planning and commission of the robberies was established by the testimony of accomplices and it was shown by a witness that a certain stickpin shown by the evidence to have been sold by defendant was taken from the witness on the occasion of one of the robberies, the jury was not bound to believe the testimony of defendant in explanation of his possession of the stolen pin; and if disbelieved, the fact of such possession was sufficient to corroborate the testimony of the accomplices.

[3] ID.—STATEMENTS OF DEFENDANT—WITNESSES—IMPEACHMENT.— In such prosecution, a writing containing statements made by defendant to a police officer, following his arrest, but which was not signed by defendant nor its correctness assented to by him, was not admissible for the purpose of impeachment and was unnecessary as a foundation for the police officer's impeaching testimony.

[4] ID. — IMPEACHMENT OF DEFENDANT — TESTIMONY BEFORE GRAND JURY—NONPREJUDICIAL ERROR.—In such prosecution, while the trial court erred in permitting the prosecution to offer and read to the jury for the purpose of impeachment a portion of the testimony given by defendant before the grand jury, without producing or showing a transcript to the witness, the ruling of the trial court resulted in no prejudice to defendant where defendant's counsel stipulated that it was a correct transcript and had full opportunity to inspect it and to examine defendant with reference to his testimony shown therein.

[5] ID.—CONFESSIONS—VOLUNTARY CHARACTER OF—EVIDENCE.—In such prosecution there being nothing in the statements made by defendant in his testimony before the grand jury which reasonably can be construed as an acknowledgment of guilt, although tending to

1.  See 22 **Cal. Jur.** 861.
3.  See 27 **Cal. Jur.** 158, 162.

prove a guilty intent, they were alone insufficient to constitute guilt of the charges in the indictment, and their admission without showing their voluntary character was not error.

[6] ID.—INSTRUCTIONS — CONSPIRACY — OVERT ACTS — NONPREJUDICIAL ERROR.—In such prosecution, although an instruction that "where an overt act is necessary to constitute the offense" of conspiracy one or more overt acts must be alleged and proved was erroneous, such error was not prejudicial where, by a subsequent instruction, the jury was charged that before they could convict the defendant or defendants of conspiracy they must be satisfied beyond all reasonable doubt that a crime has been committed in pursuance of a conspiracy to commit said crime and that defendants, or a portion of them, were members of said conspiracy.

[7] ID.—ROBBERY—CONSPIRACY—EVIDENCE—VERDICT.—In such prosecution, the evidence was sufficient to support the verdict finding the defendant guilty of robbery and conspiracy to commit robbery.

(1) 12 C. J., p. 639, n. 81; 34 Cyc.; p. 1808, n. 75, 78.   (2) 16 C. J., p. 708, n. 87, p. 930, n. 93.   (3) 40 Cyc., p. 2707, n. 56, p. 2725, n. 39.   (4) 17 C. J., p. 307, n. 44, p. 317, n. 10.   (5) 16 C. J., p. 715, n. 5, p. 716, n. 32, 33.   (6) 16 C. J., p. 1053, n. 93.   (7) 12 C. J., p. 638, n. 80; 34 Cyc., p. 1808, n. 78.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

Vincent W. Hallinan for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

CASHIN, J.—Appellant was charged jointly with William L. Rhinehart and two others named Gleason and Robinson with the crime of conspiracy to commit a series of robberies, together with the commission of five separate offenses of robbery. Appellant and Rhinehart were found guilty of the offense first mentioned, the former being also convicted on three of the robbery counts. The jury disagreed as to his guilt on the remaining counts and the trial court set aside the verdict on two of the robbery charges. A motion

for a new trial was denied, from which order and from the judgment the appeal was taken.

Appellant urges as grounds for reversal an insufficiency of the evidence to sustain the verdict and that the court erred in its rulings on objections to the admission of evidence and its instructions to the jury.

Gleason and Robinson, who were offered as witnesses for the prosecution, testified in substance that they, with appellant and Rhinehart, planned the commission of a series of robberies which were perpetrated by them; that appellant's part therein was to telephone to prospective victims and ask for immediate delivery of illicit liquor to a fictitious person at a certain address; that upon compliance the other conspirators would force an entrance into the residence of their victims or that such person would be followed and robbed when the opportunity arose. Specific instances of such robberies were related by the witnesses. Several persons testified to the fact that they had been robbed by the methods described; one of the witnesses indentified Rhinehart as one of his assailants and testified that a certain stickpin, shown by the evidence to have been sold by appellant, was taken from the witness on the occasion of the robbery. At the trial appellant admitted his acquaintance with the other defendants and the sale by him of the pin, testifying that the sale was made at the request of Robinson, he not knowing that the pin had been stolen. [1] While the possession of stolen property unexplained is not sufficient to show guilt, it is a circumstance tending to show guilt, and may be considered by the jury in connection with other testimony (*People* v. *Wilson,* 135 Cal. 331 [67 Pac. 322]). [2] In the instant case appellant attempted to explain his possession of the stolen pin. This testimony, however, the jury was not bound to believe; and, if disbelieved, the fact of such possession tended strongly and was sufficient to corroborate the testimony of the accomplices mentioned (*People* v. *McLean,* 84 Cal. 480 [24 Pac. 32]; *People* v. *Blunkall,* 31 Cal. App. 778 [161 Pac. 997]; *People* v. *Taylor,* 70 Cal. App. 239 [232 Pac. 998]).

[3] The prosecution sought to impeach the testimony of appellant by evidence of contradictory statements made following his arrest, and it is urged that the proper foundation therefor was not laid. It appears that the statements

were taken down in writing by the impeaching witness, a police officer, who testified not from the writing, but from his recollection of appellant's oral statements. It not appearing that the writing was signed by appellant or that he assented to its correctness, it was not admissible for the purpose of impeachment, nor under the circumstances was it incumbent upon the prosecution to produce or show the writing to the witness as the foundation therefor (*People* v. *Glaze,* 139 Cal. 154 [72 Pac. 965]).

[4] The prosecution further offered and read for the same purpose a portion of the testimony given by appellant before the grand jury, to which the latter made the same objection. While the transcript containing this testimony was not shown the witness, it was stipulated by his counsel that it was a correct transcription of the proceedings had. It appears that full opportunity was granted to the latter to inspect the transcript and to examine appellant with reference to his testimony shown therein. While the ruling of the court in this connection was erroneous (*People* v. *Ching Hing Chang,* 74 Cal. 389 [16 Pac. 201]; *People* v. *Lee Chuck,* 78 Cal. 322 [20 Pac. 719]), as was said in view of the same situation in the case of *People* v. *Talman,* 26 Cal. App. 348, 352 [146 Pac. 1063], such ruling resulted in no prejudice to appellant.

[5] It is further contended that such statements were part of a confession not shown to have been voluntary and were therefore not admissible (*People* v. *Yeaton,* 75 Cal. 415 [17 Pac. 544]). The record does not show the fact; and we find no admission in the statements which reasonably can be construed as an acknowledgment of guilt. The facts stated, although tending to prove a guilty intent, were alone insufficient to constitute proof of guilt of the charges in the indictment, and were properly admitted (*People* v. *Fowler,* 178 Cal. 657, 664 [174 Pac. 892]).

[6] Appellant complains of the following instruction: "Upon a trial for conspiracy, in a case where an overt act is necessary to constitute the offense, the defendants cannot be convicted unless one or more overt acts are expressly alleged in the indictment, nor unless one of the acts alleged is proved." It is conceded by the attorney-general that the inclusion therein of the words "in a case where an overt act is necessary to constitute the offense" was erroneous.

The error, however, was not prejudicial as the jury was fully instructed with reference to the conspiracy charged as follows: "Before you can convict the defendant or defendants upon the first count of the information you must be satisfied from all the evidence in the case and beyond all reasonable doubt that a crime has been committed, that it was committed in pursuance of a conspiracy to commit said crime and that the defendants whose names are set forth in the indictment, or a portion of them, were members of said conspiracy."

Appellant urges further objections to the admissibility of certain testimony, which objections are without merit and require no discussion.

[7] The evidence was sufficient to support the verdict and no prejudicial error appearing, the order and judgment are affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1926.