[Crim. No. 1523. First Appellate District, Division Two.—February 26, 1929.]

THE PEOPLE, Respondent, v. ROBERT CLEMENT, Appellant.

Leo Sullivan and J. L. Royle for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—Appellant Clement and a co-defendant, Turner, were charged in separate counts with two crimes— robbery and conspiracy to commit robbery. Defendant Turner pleaded guilty to the charge of robbery and judgment was duly pronounced against him. Appellant Clement pleaded not guilty to both charges. He was found not guilty of robbery and guilty of conspiracy "as charged in the second count of the information."

The first count after charging robbery further alleged that at the time of the robbery Turner was armed with a deadly weapon and that at the time the defendants were arrested appellant was armed with a concealed deadly weapon. The second count charged conspiracy to commit the same robbery, alleging as overt acts (1) proceeding to the scene of the crime, (2) the arming of Turner with a revolver, (3) the robbery itself and (4) that appellant acted as lookout. The information further alleged that the second count charged acts which were part of the same transaction and event described in the first count.

The court gave the jury a blank form of verdict finding the defendant guilty of robbery in the first degree. As to the second count no instruction was either given by the court or requested by appellant to the effect that the jury should designate the degree of any crime in case they found the defendant guilty only of the conspiracy charge contained in the second count.

It is appellant's claim upon this appeal that the verdict is void for uncertainty for failing to determine the degree of the crime.

Penal Code section 1157 requires the jury to fix the degree of the crime whenever the defendant is found guilty of a crime which is divided into degrees. It is error to fail to do so in such a case. (*People* v. *Colford*, 68 Cal. App. 308 [229 Pac. 63].) It has also been held that the wording of the information charging the degree of the crime will not cure the error of the jury in not finding the degree of crime where it is required by Penal Code section 1157. (*People* v. *Campbell*, 40 Cal. 129, 130; *People* v. *Coch*, 53 Cal. 627; *People* v. *Nichol*, 34 Cal. 211, 217.) But where the crime is not divided into degrees the requirements of the section do not apply. (*People* v. *Gilbert*, 60 Cal. 108; *Peo-*

*ple* v. *Sachau*, 78 Cal. App. 702 [248 Pac. 960].) ▮ The crime of conspiracy is not divided into degrees by any law and hence section 1157 does not require the jury to find the degree of that crime. Without a definition of degrees there is no way of saying what conspiracies would be of one degree and what ones of another. We are invited to say that the crime of conspiracy to commit a given felony as defined in Penal Code, section 182, subdivision 1, is divided into degrees in the same way as the felony contemplated. Thus conspiracy to commit robbery would be first or second degree robbery according to whether the robbery contemplated was first or second degree robbery as defined in Penal Code, section 211a. This suggestion must be rejected. Besides being legislation such a plan would not fail to produce its new crop of difficulties. One can easily imagine persons conspiring to commit robbery, burglary, or other degree divided felonies and even going so far as to commit overt acts and becoming thereby punishable for the conspiracy, but where, nevertheless, neither their acts nor agreements would show whether a felony of one degree or of another was contemplated by them.

▮ For a like reason section 1157 did not require the jury to fix the degree of robbery which appellant conspired to commit. Appellant was acquitted of the direct charge of robbery and was not found guilty of robbery by the verdict of guilty of conspiracy to commit robbery. The robbery need not have been fully accomplished by the appellant in order to warrant his conviction of conspiracy. There is, therefore, no statutory requirement that the jury in this case fix any degree either of robbery or of conspiracy.

▮ Neither was it necessary to fix the degree in order that the term of imprisonment of appellant be known.

▮ Whether the robbery be first or second degree, the maximum term is the same, to wit: life. (Pen. Code, sec. 213.) The same maximum term, therefore, applies to conspiracy to commit robbery of either degree. By Penal Code, section 182, a conspiracy to commit a felony is made punishable in the same manner and to the same extent as provided for the punishment of the commission of the said felony. The maximum term being fixed and definite, the Indeterminate Sentence Law applies and the prison board has power to fix the sentence of appellant under Penal Code,

242

section 1168. (*In re Lee,* 177 Cal. 690 [171 Pac. 958]; *People* v. *Sama,* 189 Cal. 153 [207 Pac. 893]; *People* v. *Wignall,* 56 Cal. App. 423 [205 Pac. 881]; *In re Wignall,* 193 Cal. 387 [224 Pac. 452].)

No minimum term, however, is prescribed by either Penal Code, sections 213 or 182, for conspiracy to commit robbery without regard to degree. Robbery of the first degree is punishable by imprisonment for not less than five years and of the second degree for not less than one year. (Pen. Code, sec. 213.) What the minimum term would be in such a case and where, if at all, it is prescribed, we need not decide upon this appeal. ▉ This particular appellant's minimum term is fixed by Penal Code, section 1168, if, as the evidence shows, he was armed with a concealed deadly weapon at the time of his arrest. The same section also states at what time the prison board may fix the term.

▉ There is no merit in the claim that overt acts were not sufficiently proven. They were all proven. The appellant and his co-defendant were sufficiently indicated and identified in the testimony to show that the two defendants on trial were the ones referred to by the witnesses.

▉ The district attorney was entitled in his argument to the jury to comment upon any of the statements contained in the confession of appellant, which was duly received in evidence.

The judgment and order appealed from are affirmed.

Sturtevant, J., and Nourse, J., concurred.