[Crim. No. 1893. Second Appellate District, Division One.—August 28, 1930.]

THE PEOPLE, Respondent, v. GEORGE R. MEADOWS, Appellant.

John S. Cooper and Cooper & Collins for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

HOUSER, J.—Defendant was convicted on each of eleven counts in an action wherein he was charged with the commission of the crime of grand theft. Each separate offense had its inception in a general, foundational misstatement of facts made by defendant and which applied to each of the other offenses of which defendant was convicted. In the commission of each of the offenses which followed the first offense an additional misrepresentation of facts was made by defendant.

The judgment and the order denying the motion for a new trial are affirmed on the following grounds:

(1) The evidence as to each count of the information was legally sufficient to support the verdict.

(2) Each of the several acts charged in the respective separate counts of the information constituted a distinct criminal offense; and no error was committed by the trial court in trying defendant on each of such counts. (Sec. 484, Pen. Code; *People* v. *McCann,* 96 Cal. App. 664, 667 [274 Pac. 621].)

(3) No prejudicial error was committed by the trial court either in the admission of evidence which was received over the objection of defendant, or in the rejection of evidence sought to be introduced by defendant. Although it may be that by order of the trial court defendant was improperly prevented from fully showing the prejudice of a certain witness introduced by the prosecution, "after an examination of the entire cause, including the evidence," this court is not "of the opinion that the error complained

of has resulted in a miscarriage of justice." (Sec. 4½, art. VI, Const.)

■ (4) No error was committed by the trial court in its order by which was refused the request made by defendant that the prosecution furnish him with a copy of a typewritten transcription of shorthand notes made by a stenographer at an interview which took place between defendant and the district attorney and which typewritten transcription was used by the district attorney in propounding questions to the stenographer in an effort to impeach the testimony of defendant as to certain alleged statements or admissions made by him at the interview to which reference has been had. (*People* v. *Glaze*, 139 Cal. 154 [272 Pac. 965]; *People* v. *Haughey*, 79 Cal. App. 541, 542 [250 Pac. 406].)

■ (5) The trial court did not err either in the instructions which were given by it to the jury, or in its order by which certain instructions requested by defendant to be given to the jury were refused.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 8, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 25, 1930.