[Crim. No. 2565. Second Appellate District, Division Two.—December 8, 1934.]

THE PEOPLE, Respondent, v. PERRY DUKES et al., Appellants.

Keith R. Jensen and Jesse R. Shafer for Appellants.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendants were charged with conspiracy to commit robbery, the information setting out nine overt acts prior to the robbery and, as a tenth overt act, the robbery itself. Ledbetter was also charged with a prior felony, robbery, conviction of which he admitted. In a previous case defendants had been charged with committing the identical robbery which is alleged as the tenth overt act in the instant case, and had been tried and acquitted on that charge. They entered pleas in this case of not guilty, former acquittal and once in jeopardy. The jury found against each defendant on the two latter pleas and convicted each of the crime of conspiracy to commit robbery. By their verdicts they fixed the degree of such crime as first degree as to Ledbetter and second degree as to Dukes. Defendants appeal from the judgment and order denying their motion for new trial.

■ It is contended that acquittal on the robbery charge in the earlier case precluded conviction on the conspiracy charge in this case. The first nine overt acts set out in the information before us are acts other than the act of robbery charged in the first case. Acquittal in that case would preclude further prosecution on the conspiracy charge only if the act of robbery was the sole overt act set out in the later information. (*Oliver* v. *Superior Court*, 92 Cal. App. 94 [267 Pac. 764].) ■ "The crime of conspiracy is a distinct offense from the actual commission of the crime forming the object of the conspiracy" (*People* v. *Martin*, 114 Cal. App. 392 [300 Pac. 130]), and the acquittal on the former charge is no bar to a successful prosecution in this case.

■ In support of their pleas of former jeopardy and acquittal, defendants offered in evidence a transcript of evidence taken at the trial of the earlier case. The trial court excluded the portion relating to matters occurring before the day of the robbery. While the testimony thus excluded did fortify the People's case on the robbery trial, it was no proper matter to place before the jury in the instant case, since it was not needed to identify defendants, the offense or the disposition of the earlier case.

■ The accomplices who testified were sufficiently corroborated by other evidence as required by Penal Code, section 1111. The witness Stephenson positively identified defendants as being perpetrators of the robbery, and defendant Dukes made a statement admitting the essential elements of the conspiracy charged. ■ "The entire conduct of the defendant may be looked to for the corroborating circumstances, and if from those circumstances the connection of the accused with the crime may fairly be inferred, the corroboration is sufficient." (*People* v. *Shurtleff*, 113 Cal. App. 739, at p. 743 [299 Pac. 92].)

■ The court instructed the jury to fix the degree in the event of a verdict against defendants. This was error. (*People* v. *Clement*, 97 Cal. App. 238 [275 Pac. 511].) The inclusion in the verdicts of the jury's conclusion as to the degree was surplusage, and did not prejudicially affect either defendant.

Judgment and order affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 7, 1935.