256

[Crim. No. 2763.   Second Appellate District, Division Two.—November 19, 1935.]

THE PEOPLE, Respondent, v. JOHN S. HOLLAND, Appellant.

William E. Dudney for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.*—Appellant was convicted after trial by jury of criminal conspiracy to commit robbery. This appeal is from the judgment and from the order denying a motion for new trial.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes*, 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

Appellant and his codefendant entered into a conspiracy to rob J. L. Freedman. These facts were established by the testimony of Fred Gonzales.

Reversal of the judgment is urged on the following propositions:

*First: The witness, Fred Gonzales, was a coconspirator, and independent of his testimony there was no evidence to prove the corpus delicti.*

*Second: The verdict of the jury is void for the reason that it failed to specify the degree of robbery the defendants conspired to commit.*

*Third: The trial court erred in proceeding in the absence of defendant's counsel.*

*Fourth: The trial court committed prejudicial error in permitting the information to be amended to include the name of Frank M. Allen.*

As to appellant's first contention, we have examined the record and find that the witness, Fred Gonzales, was not in fact a coconspirator and his testimony was sufficient to establish the material elements of the offense charged.

Appellant's second proposition is decided adversely to his contention in the case of *People* v. *Clement,* 97 Cal. App. 238, 241 [275 Pac. 511], wherein it is held that there is no requirement that the jury fix any degree either of robbery or of conspiracy in returning a verdict of guilty of the charge of *conspiracy to commit robbery.*

The third proposition presented by appellant is untenable for the reason that examination of the record fails to disclose that any prejudice resulted to appellant because his counsel *voluntarily absented* himself from the trial.

As to appellant's final contention, the trial court may permit the amendment of an information at any stage of the proceedings, where, as in the instant case, the substantial rights of the defendant are not thereby prejudiced. (Sec. 1008, Pen. Code.)

The judgment and order are, and each is, affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 19, 1935.