**STATE, Plaintiff-Appellee, v. THOMASSON, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4399.   Decided June 9, 1950.

John J. Chester, Columbus, for defendant-appellant.
Ralph J. Bartlett, Pros. Atty., Edmund B. Paxton, Henry L. Holden, Asst. Pros. Attys., Columbus, for plaintiff-appellee.

## OPINION

By THE COURT.

The defendant-appellant, James Thomasson, was indicted, tried and convicted for armed robbery in the Common Pleas Court of Franklin County, Ohio. Five defendants were jointly indicted: Thomasson, Spieles, Vineski, Wilks and Bohn. The indictment was filed on March 23, 1949. The indictment against Bohn was nollied May 31, 1949. Vinesky pleaded guilty and was sentenced. On May 12, 1949 the appellant moved for separate trial. Although counsel for appellant claims this motion was promptly overruled, the record does not disclose that it was passed upon. On May 16, 1949 the appellant filed a notice that his defense would be an alibi. Trial date for the appellants, Spieles and Wilks, was set for December 6, 1949. After notice of trial was given appellant again, on November 29, 1949, filed a motion for a separate trial and a request for a bill of particulars. On the first day of the trial, to wit: December 6, 1949, the motions were brought to the attention of the trial court. Finding no good cause shown for a separate trial the court overruled the motion. The court found that while the request for a bill of particulars had not been seasonably filed, nevertheless the court ordered a bill of particulars to be filed instanter, which was done. The appellant then moved for a continuance of the cause, which was overruled. Appellant also moved to be furnished with the statements made by the defendants to the police and to the prosecutor, which the court denied. At this stage of the proceedings the defendant, Wilks, waived a trial by jury and requested to be tried by the court. The court proceeded to try jointly the appellant and Spieles.

The first, second and third assignments of error are directed to the action of the court on the preliminary motions. The question whether the appellant should be jointly tried with Spieles or given a separate trial lay within the sound discretion of the trial court. Under the statute the burden of showing good cause for a separate trial was on the appellant. Sec. 13442-11 GC, State v. Abbott, 152 Oh St 228, 238. We find no error committed by the trial court in denying the appellant a separate trial.

During the argument on the motions the prosecutor made the statement that he could not and would not attempt to use the statements made by the two defendants. On defense Spieles called Vineski as a witness, who testified that Spieles was not involved in the robbery. This testimony was at variance with the previous statement which Vineski had given to the police and the prosecutor. Over objection the prosecutor cross-examined Vineski with respect to these statements. It is now urged that these statements were prejudicial to the appellant and that a separate trial should have been granted. The cross-examination of Vineski with respect to statements made to the police and the prosecutor at variance to his testimony at the trial was for the purpose of impeaching the testimony of Vineski. The appellant made no statement and although he testified in support of his defense of alibi he was not questioned with respect to any statement. The defendant Spieles did not testify. The statement of the prosecutor in the argument on the motion for a separate trial to the effect that he would not attempt to use in the trial any statement of the defendants did not deprive the State of its legal right to cross-examine a witness for the defense with respect to statements made out of court at variance with the testimony given by the witness at the trial for the purpose of impeaching the testimony of the witness. In the case at bar there are no confessions involved as in **State v. Rosen, 151 Oh St 339**, 86 N. E. (2d) 24, and State v. Abbott, supra, and **State v. Shafer, 71 Oh Ap 1**, 47 N. E. (2d) 669.

We find no authority in law to require the prosecutor to submit to counsel for defendants for inspection statements made by the defendants to the police and prosecutor which were in the possession of the prosecutor. **State v. Yeoman, 112 Oh St 214**, 147 N. E. 3; **State v. Rhoads, 81 Oh St 397**, 91 N. E. 186; **State v. Strain, 84 Oh Ap 229**, 82 N. E. (2d) 109; **Arnold v. State, 33 Oh Ap 185**, 168 N. E. 848.

In our opinion the trial court very properly found that the request for a bill of particulars was not seasonably made.

Six months prior thereto the appellant had filed his notice of a defense of alibi. The trial court did not find, and we do not find, that the appellant, in view of the nature of his defense, was prejudiced by the refusal of the trial court to grant a continuance. See **State v. Petro, 148 Oh St 473, 76 N. E. (2d) 355** and **State v. Whitmore, 126 Oh St 381, 388, 185 N. E. 547.** This matter rested within the sound discretion of the trial court. We find no abuse of discretion.

The fourth assignment of error relates to the admission of evidence of a telephone conversation which Bohn testified took place between him and the appellant. Without discussing all the evidence in detail bearing on the question of the admissibility of this evidence, we conclude that the court did not err in admitting this evidence. The appellant testified that he gave to Bohn the telephone number which Bohn called. At the time the call was made Bohn asked for "Murphy," the name by which Bohn knew the appellant. A man's voice answered, which Bohn thought was the voice of Murphy. Bohn told Murphy, or the person whom he thought was Murphy, that friends of Murphy's were at the Virginia Hotel. Within a very short time the appellant appeared at the hotel and met Spieles, Vineski and Wilks. This evidence was sufficiently convincing to prove that it was the appellant who answered the telephone call placed by Bohn.

The fifth assignment of error concerns the attempt of the appellant on defense to offer the court record of Bohn to show that in his case a motion for a separate trial was sustained and later the indictment was nollied; and also the court record to show that Wilks had not been arraigned and had not given bond prior to December 6th when he appeared in court and waived trial by jury. Objection to the introduction of this evidence was sustained and the proffer was made. Both Bohn and Wilks had testified over the objection of the state relative to the disposition of the case against them. The court admitted this testimony on the theory that such evidence was admissible to show interest or lack of interest on the part of the witness. The court records could not add anything to this evidence. The court very properly excluded the introduction of the court records.

For his sixth assignment of error the appellant claims the court erred in refusing counsel the right to examine the written transcription of statements prepared from stenographic notes from which the witness testified. Vineski, on cross-examination, testified that in giving his statement to the prosecutor he had been told by one of the assistant prosecutors that if he did not help the State against Spieles

the prosecutor's office would give him a bad recommendation to the Parole Board and that he would face twenty-five years imprisonment, but that if he helped the prosecution he would be given a good recommendation and an early parole. On rebuttal the State called as witnesses the stenographers who took the stenographic notes when the statements were made to the prosecutor and the police. The witnesses read from their shorthand notes. The prosecutor questioned the witnesses with the help of a typewritten transcription of the notes which he had in his possession. The court accorded counsel for appellant the privilege of examining the shorthand notes from which the witnesses testified, but overruled his request to be furnished a copy of the typewritten transcription of the notes which was in the possession of the prosecutor. In our opinion the ruling of the trial court was correct. State v. Yeoman, supra; State v. Rhoads, supra; State v. Strain, supra; Arnold v. State, supra. In the case of **State v. Taylor, 83 Oh Ap 76,** 77 N. E. (2d) 279, this court held that counsel for defendant had the right to inspect the typewritten transcript of the shorthand notes of the witness, but in that case the witness testified from such written transcript. That case is clearly distinguishable from the case at bar.

For his seventh assignment of error the appellant claims the court failed to properly instruct the jury with respect to its consideration of the ex parte statements made to the prosecutor and the police, and in charging on circumstantial evidence. The court in its charge discussed at some length the consideration to be given these statements and all the evidence adduced in connection therewith. The court charged the jury that such statements were not and could not be offered in chief as evidence bearing directly on the guilt or innocence of the defendants or either of them; that the sole purpose of such evidence was to permit the State to refute and impeach the testimony of Vineski and as affecting his credibility. The evidence in this case was such as to justify a charge on circumstantial evidence. In our opinion the charge was eminently fair to the appellant.

The record does not support the claim of the appellant that the prosecuting attorney was guilty of misconduct which prevented the appellant from having a fair trial, which is made the eighth assignment of error.

For his ninth assignment of error it is claimed the verdict is not sustained by sufficient evidence and is contrary to law. We have read the entire record with great care and find ample evidence to warrant a conviction. We have given care-

ful consideration to every question raised by appellant. The record indicates that this was a most difficult case to try, for counsel as well as the court. However, we do not find that any prejudicial error intervened. We are of the opinion that appellant had a fair trial and that the verdict and judgment is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.