[Crim. No. 854. In Bank.—January 3, 1903.]

THE PEOPLE, Respondent, v. RALPH A. HUNTINGTON, Appellant.

CRIMINAL LAW—HOMICIDE—ERROR IN INSTRUCTION—"MORAL CERTAINTY."—Upon a prosecution for murder it is error to instruct the jury that "moral certainty is described as a state of impression produced by facts in which a reasonable mind feels a sort of coercion or necessity to act in accordance with it." It is in violation of the admonitions of this court, is an unnecessary innovation upon the language approved by it, lacks precision and clearness, and leads to confusion.

ID.—THEORY OF PROSECUTION—DEATH CAUSED BY ATTEMPTED ABORTION—ERRONEOUS CHARGE AS TO MANSLAUGHTER—WANT OF CARE IN MEDICAL TREATMENT.—Instructions of the court must be applicable to the facts and features of the case in hand. Where the whole theory of the prosecution was, that the defendant, who was a physician, was guilty of murder in causing the death of the deceased by an attempt at criminal abortion, the court should not have given any charge upon the subject of manslaughter; and it was error to instruct the jury that the defendant might be found guilty of manslaughter if the death resulted from a lawful act in treating the deceased medically "without due caution or circumspection," and to refrain from instructing them that the law only

exacts ordinary and reasonable care and skill on the part of a physician.

ID.—ERROR IN NOT STATING LAW—DEFENDANT NOT REQUIRED TO ASK INSTRUCTION.—The error of the court in not stating the law upon the subject of manslaughter, to which no reference had been made by the counsel on either side, and about which no one connected with the case expected any instruction, is not condoned by the failure of the defendant's counsel to ask for further instruction on an issue which they did not consider to be in the case.

ID.—FAIR TRIAL NOT HAD—WANT OF NOTICE TO DEFENDANT—CONVICTION OF MANSLAUGHTER—REVERSAL OF JUDGMENT.—Where the prosecution gave no notice to the defendant that he was being tried on a charge of manslaughter in negligently performing a surgical operation, and he was thereby lulled into false security, and failed to give evidence on that subject which he might have introduced, he did not have a fair trial upon that charge, and a judgment upon conviction of manslaughter should be reversed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Robert Ferral, Daniel J. Murphy, Thomas D. Riordan, and P. F. Dunne, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and U. S. Webb, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and E. B. Power, Deputy Attorney-General, for Respondent.

McFARLAND, J.—The information charged defendant with murder, and the jury returned a verdict of manslaughter, upon which judgment was rendered, sentencing him to ten years' imprisonment in the state prison. He appeals from the judgment and from an order denying his motion for a new trial.

Appellant contends that the following instruction was erroneous: " 'Moral certainty' is that degree of proof which the law requires of moral evidence. 'Moral certainty' is described as a state of impression produced by facts in which a reasonable mind feels a sort of coercion or necessity to act in accordance with it." In our opinion

this instruction should not have been given. It is in violation of frequent admonitions of this court that instructions on the general subject of reasonable doubt should be confined to the language that has been frequently approved, and is an unnecessary innovation. Moreover, it lacks precision and clearness, and leads to confusion. The use of the word "impression" as the basis of conviction in a criminal case is an uncertain and dangerous use of language. Moreover, what definite notion can there be of "coercion" which is only "a sort" of coercion? The language of the instruction is to be found in Burrill's Circumstantial Evidence; but the author of that work makes the matter more clear by adding, in the same sentence in which the language is used, as follows: "The conclusion presented being one which cannot, morally speaking, be avoided consistently with adherence to truth." But while I think the instruction in question should not have been given, it is not necessary to determine in this present case whether it was so important and so prejudicial as to call for a reversal, because, in my opinion, the judgment should be reversed for another reason.

The statements of the district attorney, and the whole course of the trial, show that the case was tried upon the sole theory that appellant, who is a physician, caused the death of the deceased by attempting to commit a felony,—to wit, an abortion. The opening statement of the district attorney to the jury was that the deceased was pregnant, and that appellant while knowingly and intentionally attempting to produce an abortion caused her death. Counsel for appellant in his opening statement denied that appellant knew deceased was pregnant, or had any intent to produce an abortion, but was treating her for a supposed disease, and that she died under a surgical operation, probably from the effect of an anæsthetic which had been administered. The issue thus presented was the only one suggested at the trial, and the evidence introduced was to the one or the other side of that issue, the only contention of the prosecution being that death occurred while the defendant was trying to produce the abortion. During the trial the district attorney said: "Of course, it is the theory of the people in this case that the defendant was performing an abortion, *and he knew* he was performing an abortion." The only position taken by the prosecution was, that appellant had caused death

while committing a felony,—to wit, producing an abortion,— and was therefore guilty of murder; there was no pretense that he was guilty of any crime less than murder.

But after the evidence had been closed and the case had been argued to the jury upon the theory of murder by abortion, as above stated, the court, at the last moment, of its own motion, instructed the jury that appellant might be convicted of manslaughter upon a totally different theory,—to wit, that death did not result from attempt to produce abortion, or to commit any other crime or unlawful act whatever, but that it resulted while he was doing a perfectly lawful act,—that is, treating the deceased medically for a disease,—upon the ground that said lawful act was done "without due caution or circumspection." Of course, the general proposition is true that there may be a conviction of manslaughter under an indictment for murder; but that proposition does not justify any kind of a charge which a court may give upon that subject, regardless of the character and theory of the prosecution in a criminal case; instructions must be applicable to the facts and features of the case in hand. Under the circumstances of the case at bar there should have been no instruction on the subject of manslaughter; the only question legitimately before the jury was whether appellant had caused death while attempting to produce abortion. If that was the fact, he was guilty of a murder; and there was no element of manslaughter present. But the jury, under the instruction, found him guilty of manslaughter; and he was therefore tried for one crime and convicted of an entirely different crime. Moreover, when the court, of its own motion, interjected into the case the notion that the defendant could be convicted of a crime for which nobody supposed he was being tried, it certainly should have stated the law as to this new view of the case. To convict a physician of a felony for alleged want of proper treatment of a patient who dies is a most serious thing; and convictions of that character are exceedingly rare in judicial history. If we assume that the court had any warrant to touch the subject at all, it certainly should have told the jury that in such cases the law exacts only ordinary and reasonable care and skill on the part of the physician. And the error in not stating the law, upon a subject to which no reference had been made by counsel on either side, and about which clearly no one connected with

the case expected any instruction, is not condoned by the fact that counsel for appellant, in the confusion which the unexpected instruction evidently produced, did not ask for further instruction on an issue which they did not consider to be in the case. (See *People* v. *Tapia,* 131 Cal. 647.) The case is not within those decisions where it has been held that a defendant should have asked for further instruction on questions well known to be involved in the case, and of vital importance to its determination. In addition to these considerations, a grave injustice is done defendant in not being put upon notice that he was being tried for manslaughter in negligently performing a surgical operation. He undoubtedly was lulled into a false security as to that matter, and possibly failed to produce evidence showing the care and skill exercised by him in performing this operation. Under the circumstances of this case the appellant did not have a fair trial of the crime of which he was convicted, and for the reasons above stated the judgment should be reversed.

It is not necessary to pass upon appellant's exceptions to the instructions of the court on the subject of circumstantial evidence, and his contention that they are erroneous within the decision in *People* v. *Vereneseneckockockhoff,* 129 Cal. 497.

The judgment and order appealed from are reversed and cause remanded for a new trial.

Garoutte, J., and Van Dyke, J., concurred.

Henshaw, J., concurred in the judgment.

Hearing in Bank denied.