[Crim. No. 353. First Appellate District.—March 28, 1907.]

RALPH A. HUNTINGTON, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO and WILLIAM P. LAWLOR, Judge, Respondents.

CRIMINAL LAW—CHARGE OF MURDER—ISSUE AS TO DEATH FROM ABORTION—ERROR IN INSTRUCTION—CONVICTION OF MANSLAUGHTER—NEW TRIAL.—Where a defendant charged with murder was tried for the crime of death caused by abortion, and convicted of manslaughter, under an improper instruction on that question, for which error the cause was remanded for a new trial by the supreme court, the conviction for manslaughter, though held erroneous, was an acquittal of the charge of murder, and the new trial must be limited to the charge of manslaughter.

ID.—PROHIBITION AGAINST SECOND TRIAL FOR MURDER—LIMITATION OF PENALTY.—The writ of prohibition will lie to prevent a second trial upon the charge of murder caused by abortion, notwithstanding a proposed limitation of the penalty to manslaughter.

ID.—LIMITATION OF EVIDENCE.—The charge of manslaughter is not included in the charge of death procured by abortion, and cannot be proved by evidence of that offense. It can only be proved by evidence of facts included in the legal definition of manslaughter.

WRIT OF PROHIBITION to the Superior Court of the City and County of San Francisco.   William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Peter F. Dunne, and Robert Ferral, for Petitioner.

John O'Gara, Deputy District Attorney, for Respondents.

COOPER, P. J.—This is an application for a writ of prohibition to the superior court of the city and county of San Francisco and Hon. William P. Lawlor, judge thereof, for the purpose of prohibiting the said superior court from proceeding with the trial of petitioner for the crime of murder. The facts as stated in the petition, and which must be taken as true for the purposes of this case, are substantially as follows:

In December, 1900, an information was filed in said superior court charging petitioner with the crime of murder, in having feloniously killed one Jennie McKown with malice aforethought on the twenty-seventh day of October, 1900. The defendant was tried before a jury in said superior court, and the trial resulted in a verdict finding petitioner guilty of manslaughter, upon which judgment was accordingly entered, and the defendant was sentenced to imprisonment in the state prison at San Quentin for the term of ten years. Thereafter the case was appealed to the supreme court, and on the third day of January, 1903, that court rendered its decision reversing the case, and remanding it to the superior court for a new trial. (*People* v. *Huntington,* 138 Cal. 261, [70 Pac. 284].)   In the opinion in said case the court said: "The opening statement of the district attorney to the jury was that the deceased was pregnant, and that appellant, while knowingly and intentionally attempting to produce an abortion, caused her death.   Counsel for the appellant, in his opening statement, denied that appellant knew deceased was pregnant, or had any intent to produce abortion, but was treating her for supposed disease, and that she died under a surgical operation, probably from the effect of an anesthetic which had been administered.   The issue thus presented was the only one suggested at the trial, and the evidence intro-

5 Cal. App.—19

duced was to the one or the other side of that issue—the only
contention of the prosecution being that death occurred while
defendant was trying to produce the abortion. . . . Under
the circumstances of the case at bar there should have been
no instruction on the subject of manslaughter. The only
question legitimately before the jury was whether the ap-
pellant had caused death while attempting to produce abor-
tion. If that was the fact he was guilty of murder, and there
was no element of manslaughter present; but the jury, under
the instruction, found him guilty of manslaughter, and he
was therefore tried for one crime, and convicted of an entirely
different crime." The *remittitur* duly issued from the su-
preme court, and was filed in the superior court and spread
upon its minutes. Thereupon, in the regular course of pro-
ceedings, said cause was set for trial for Monday, the fourth
day of March, 1907, in said department No. 11 of the superior
court, before the Hon. William P. Lawlor. Upon calling the
case for the second trial in the superior court the district
attorney answered that he was ready to proceed with the
trial, and then and there stated and announced that he would
proceed under the information and try the defendant upon
the charge of murder in the second degree; and upon his
theory being so announced, and upon objection being made
by the defendant, the court then and there announced, ruled
and determined that the former verdict of the jury in this
case did not curtail the power and the jurisdiction of the
court to subject petitioner to a second trial upon the informa-
tion for murder in the second degree, the court holding that
the effect of the former verdict was limited to the penalty
only, and that the defendant could be tried for murder in
the second degree, but, if convicted, could only be sentenced
for the crime of manslaughter. The petition further states
that the said Hon. William P. Lawlor "announced, ruled and
determined that this petitioner would and should be pro-
ceeded against on his said second trial under said information
for the crime of murder by abortion as aforesaid, and that
evidence of his guilt thereof would be admitted by this court;
the jury would be instructed that the issue as to his guilt or
innocence of said murder by abortion as aforesaid was triable
and determinable by them; that in the event that they should
determine him to have been guilty of said offense it would
be their duty, by force of the former verdict in this case, to

return a verdict of guilty of manslaughter.'' It is further
alleged in the petition that, by reason of the former verdict
and judgment in this case, the defendant has been acquitted
of the crime of murder either in the first degree or in the
second degree, and that the court will exceed its jurisdiction
and power in proceeding against this defendant, and trying
him for the crime of murder.

To the above petition the district attorney, on behalf of the
respondents, has filed a demurrer, alleging that the petition
does not state facts sufficient to constitute any ground for
the issuance of the writ, and that it does not show want of
jurisdiction, or excess of jurisdiction, in the superior court,
and therefore the writ should not issue.

While the case is thus presented upon the demurrer to the
petition, it is evidently the intention of the parties to have
the gist of the matter determined on the demurrer.

The theory of the prosecution in the former trial was that
defendant was guilty of murder in the second degree by
causing the death of deceased while he was feloniously per-
forming the operation of abortion upon a pregnant woman.
The effect of the former verdict of manslaughter was to acquit
the defendant of the crime of murder. (*People* v. *Gilmore,*
4 Cal. 376, [60 Am. Dec. 620] ; *People* v. *Backus,* 5 Cal. 275;
*People* v. *Apgar,* 35 Cal. 391; *People* v. *Smith,* 134 Cal. 454,
[66 Pac. 669].) We are therefore confronted with the
proposition as to whether or not the superior court has juris-
diction to try the defendant for a crime of which he has been
acquitted in that court and in the same proceeding. We
apprehend that if the crimes included in the information in
this case had been charged separately—that if the law re-
quired it, and there had been three informations filed against
defendant—one charging him with murder in the first degree,
one with murder in the second degree, and one with man-
slaughter, the matter would not be contested by the district
attorney. Or if defendant had been charged in three several
counts in one information, with murder in the first degree,
murder in the second degree and manslaughter, and had been
acquitted on the counts charging murder, and convicted on
the count charging manslaughter, and a new trial granted,
that no lawyer would contend that he could be again tried
except on the charge of manslaughter. If the information
charged manslaughter only, the court would have no power

to try defendant for any other or different crime, whether it be murder, arson, larceny or any other crime mentioned in the Penal Code. It is conceded that defendant cannot be convicted of any other crime than manslaughter under the law in the present status of the case. If he cannot be convicted of any other crime than manslaughter, he should not be tried for any other crime. Evidence should not be received of any other crime than the one under investigation. It is an old rule that the evidence should be confined to the point in issue. A man should not be tried for one crime and found guilty of another and different crime, unless the different crime is included in the charge for which he is being legally tried. Now, in the charge of murder is included the lesser offense of manslaughter; and in a proper case, where the defendant is being tried for the crime of murder, a jury may find the lesser offense of manslaughter; but it does not follow that a defendant can be tried for the same murder of which he has been acquitted. The lesser offense is included in the greater, and may be by the jury carved out of the greater where the trial is legally conducted and for the greater offense; but we know of no case in which it has been held that the court could proceed to try a defendant for an offense of which he has been acquitted. If the contention of the respondents is correct, the evidence in this case might be such as to show beyond doubt that defendant is guilty of murder in the second degree, of which he has been acquitted, and that he is not guilty of manslaughter, but yet the jury may be told that they can find him guilty of manslaughter. He may be convicted of a crime which the evidence shows he did not commit, for the reason that the evidence shows he did commit another crime of which he has been acquitted. Such is not the law. In *People* v. *Apgar,* 35 Cal. 391, in which the supreme court were discussing the question as to the conviction of a lesser offense being an acquittal of a higher one, the court said: ''Upon the principle of these cases the defendant is acquitted of the higher offense charged, *and cannot be again tried for it,* so that the case as to that offense is wholly ended. He was only convicted of the lower offense embraced in the indictment, and if the judgment were reversed he could only be tried for that offense.''

In the case of *People* v. *Bennett,* 114 Cal. 56, [45 Pac. 1013], which is relied upon by the respondents, the chief

justice filed a dissenting opinion, in which the authorities are very fully and logically reviewed, and to which attention is called. The dissenting opinion is not reported in the California Reports, but is found in the 50th Pacific Reporter, page 704. The chief justice, in discussing the question that a defendant, having been convicted of an assault with a deadly weapon, could not upon a new trial be tried for the higher offense of assault with intent to commit murder, said: "As an original proposition it would seem to be beyond dispute that a Court of Record and of superior jurisdiction ought to be held to know what the issue is which it has impaneled a jury to try, and that it is its duty to confine the trial to that issue. The only authority for a new trial is the order made in that very case for a new trial. When that order is limited, either in terms or in legal effect, to one issue it seems absurd to say that the Court must shut its eyes to its own order, and open the case for trial upon all the issues. If this view is correct—as I shall show that it is both upon principle and authority—it follows that there was not upon the second trial of this defendant any question of former jeopardy involved. He was only on trial for assault with a deadly weapon. The charge of assault for murder, of which he had been acquitted, was out of the case as much as if it never had been in the indictment, and so the jury should have been instructed. . . . " And in commenting upon *People* v. *Gilmore,* 4 Cal. 376, [60 Am. Dec. 620], the chief justice said: "An examination of the whole opinion and of the authorities cited in support of the conclusion reached shows that the language in which the questions for decision were stated was carefully and advisedly chosen; that the point decided was not that the plea of former acquittal should be accepted, and evidence allowed to go to the jury in support of it at the new trial which was ordered, but that the new trial must be confined to the charge of manslaughter." And the learned chief justice in conclusion states: "And from it are deduced the effect and consequence of an order for a new trial in such case, viz.: that such order extends only to so much of the issue as is embraced in the charge of which there was a conviction."

While the dissenting opinion of the chief justice in the Bennett case did not become the law of that case, the views and reasoning were afterward adopted, and became the law in *People* v. *Smith,* 134 Cal. 454, [66 Pac. 669], where the

opinion was delivered by the chief justice, and it was held
that where defendant was charged with murder and con-
victed of manslaughter he was thereby acquitted of the
crime of murder, and upon the conviction of manslaughter
being reversed, he could only on the second trial be tried
upon the charge of manslaughter, and was only entitled to
ten peremptory challenges, and not to twenty, which he would
have been allowed in a trial where the charge was murder.
Attention is called to the many cases cited in this later opinion,
and to the language of the chief justice, in which he said:
"The information had, as above stated, originally charged
the crime of murder, which of course included a charge of
the lesser grade of homicide—manslaughter. But the verdict
and judgment convicting the defendant of manslaughter was
in legal effect an acquittal of the crime of murder, and elim-
inated that part of the charge from the information, leaving
only the accusation of manslaughter pending; and when a
new trial was ordered by this Court it was only a new trial
of the pending issue that was intended, and its only effect
was to subject the defendant to a new trial on the charge of
manslaughter."

If the law as stated by the court, speaking through the chief
justice, is correct, it is difficult to conceive upon what theory
a defendant can be tried for a crime which has been eliminated
from the information.

Reliance is placed upon the later case of *People* v. *McFar-
land,* 138 Cal. 481, [71 Pac. 568, 72 Pac. 48], in which the
opinion was delivered by Mr. Commissioner Chipman. There
are some expressions in that opinion that, taken by themselves,
are in conflict with what has here been said; but it will be
noted in that case that the opinion commences by stating that
the defendant pleaded "Not guilty," a former acquittal of
the offense of murder, and also that he had been once in
jeopardy. The opinion further states that the circumstances
show a conflict as to who was the aggressor, and the facts
are divergent as to whether the deceased or the defendant
fired the first shot. In such case it is very clear that the
facts and circumstances connected with the homicide would
have to be given in evidence, whether the defendant was
charged with murder or manslaughter, which plainly dis-
tinguishes the case from the case at bar.

In the case at bar the defendant, as stated in *People* v. *Huntington*, 138 Cal. 261, [70 Pac. 284], which has become the law of this case, is charged with murder by reason of causing death while attempting to commit a felony, to wit, an abortion. We think that causing death in such manner would not come within the definition of manslaughter as contained in the Penal Code, section 192. Manslaughter is there defined to be the unlawful killing of a human being without malice, and is divided into two kinds: First, voluntary, upon a sudden quarrel or heat of passion; second, involuntary, in the commission of an unlawful act not amounting to felony; or in the commission of a lawful act which might produce death in an unlawful manner, or without due care and circumspection. As the charge of murder in the second degree includes that of death caused by a defendant while committing or attempting to commit a felony, it does not necessarily include death caused in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act in an unlawful manner without due care or circumspection, or inflicted in a sudden quarrel or heat of passion. It was accordingly held in *People* v. *Balkwell*, 143 Cal. 259. [76 Pac. 1017], that the lower court in the trial of the case—which was a charge of murder claimed to have been committed in performing an abortion, did not err in refusing to give an instruction to the effect that the jury could convict of manslaughter. The court, by holding the refusal of the instruction not to be error, in effect held that manslaughter was not included in the charge under consideration.

It is contended that the writ of prohibition will not lie because the superior court of the city and county of San Francisco has jurisdiction to try the defendant for the crime charged in the information. This is true as to the crime of manslaughter which is now charged in the information. As to that charge, and the evidence and the rulings to be made by the court, we cannot and will not interfere by the writ of prohibition; but the court has no jurisdiction to try the defendant for any other or different crime than that of manslaughter. In *Hayne* v. *Justice's Court*, 82 Cal. 284, [23 Pac. 125], it was held that a writ of prohibition would lie to prevent the justice's court from proceeding to the trial of a cause against the express prohibition of a statute. The justice's court in that case had jurisdiction of the parties and

the subject matter; but the statute provided that an order of adjudication in insolvency should stay proceedings in all actions pending in the justice's court. The court held that the prohibition of the statute extended to the justice's court, notwithstanding the fact that it had jurisdiction of the person and of the cause of action. The court said, in speaking of the statute: "This is a plain and direct prohibition against any further proceedings in the justice's court." Equally mandatory is the language in *People* v. *Smith,* that the "only effect was to subject the defendant to a new trial on the charge of manslaughter." In *North Bloomfield G. M. Co.* v. *Keyser,* 58 Cal. 315, it was held that the writ of prohibition would lie to restrain a judge from proceeding in an action in which he is disqualified by reason of interest, although the court over which he presided had jurisdiction of the cause. The case was decided upon the theory that the judge, by reason of his interest, was prohibited by the statute from trying the case.

By analogy we conclude that the superior court is prohibited by reason of the law from trying the defendant for any other offense than that of manslaughter. It follows that the demurrer to the petition must be overruled, and it is so ordered.

The respondents will be allowed ten days in which to show cause by answer why the writ should not be made peremptory, and in default of such answer on the part of the respondents the writ to become absolute.

Hall, J., and Kerrigan, J., concurred.