[Civ. No. 6009. Second Appellate District, Division Two.—May 21, 1928.]

FRED OLIVER et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Thomas H. Hearn for Petitioners.

Asa Keyes, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CRAIG, J.—The prosecution from the disposition of which this proceeding originated was one by indictment against the petitioners, Lawrence J. Daw and Thomas Williams. This indictment contained thirty-four counts accusing the defendants therein of grand larceny, embezzlement, and conspiracy. In counts numbers 1 to 33, inclusive, eleven different unlawful acts are charged, each in a set of three counts. In each set the first charge is grand larceny of a certain sum of money; the second, grand larceny of certain property of the same value as that charged in the first of each set; and in the third, embezzlement of both money and property.

Count 34 charges conspiracy to obtain the money and property exceeding in value $200, alleged to have been the subject of the offenses set forth in the preceding counts. It is also averred to be "a different statement of the same offense and of the same class of crimes and offenses as those set forth in counts 1 to 33 inclusive thereof." Also it is alleged that in furtherance of the conspiracy the defendants committed certain overt acts which are delineated as the same offenses whose commission is charged in the first thirty-three counts of the indictment.

The defendants were tried, and the jury acquitted petitioners of the crimes charged in counts 1 to 33, in-

clusive, and failed to agree concerning count 34. Defendants Daw and Williams were convicted, of the eleven counts of embezzlement and conspiracy and acquitted of the grand larceny charges. The petitioners further assert that the Superior Court has set the cause alleged in count 34 for trial, and they insist that this court should prohibit further prosecution thereof because had they been found guilty of the overt acts charged in the conspiracy count they would necessarily have been guilty of the grand larceny and embezzlement counts to which these overt acts respectively pertain, but that the jury having acquitted them as well of all charges of grand larceny and embezzlement, have thereby necessarily acquitted them as well of the conspiracy charge in count 34, and it is said that upon this theory petitioners have heretofore been in jeopardy for the crime of conspiracy, and that the subject matter of count 34 is now *res adjudicata.*

The argument is that since Daw and Williams were found guilty of the embezzlement charges and the petitioners were acquitted of the same, the effect of these verdicts of the jury was to decide that the petitioners did nothing in furtherance of the commission of the crimes by way of counseling, advising, procuring, aiding, or abetting; hence that their acquittal of the charges was an acquittal of the commission of any overt act in furtherance of the same, and if no overt act was committed, of course there could be no criminal conspiracy.

It is important to note the fact conceded by respondent, that the only overt acts alleged in count 34 are the specific crimes charged in the other counts; the sole overt acts averred were "larceny and embezzlement." The situation is clearly different from that which would have been presented had the conspiracy charge contained allegations of a number of overt acts which, taken together, would constitute grand larceny or embezzlement. Had the indictment been so drafted it could not be said that an acquittal of grand larceny or embezzlement would necessarily have been a determination that no criminal conspiracy pertaining to the same transactions had occurred. But here the conclusion cannot be escaped that since each crime, considered and described collectively as a single entity, is alleged to be an overt act, and as the jury

fully acquitted these petitioners of each overt act thus alleged, the portion of the count charging conspiracy remaining unadjudicated is insufficient to constitute criminal conspiracy. Moreover, considering the record here presented, by finding that none of the overt acts charged as parts of the conspiracy were committed, the jury, in effect, acquitted the petitioners of the offense of conspiracy. This must be so, since one of the overt acts charged must be proved to permit of conviction of conspiracy under section 1104 of the Penal Code.

We are satisfied that under these circumstances the trial court is without jurisdiction to retry the defendants who are petitioners herein, as it is alleged that it is about to do. A proper case is thus presented to afford the remedy of prohibition. (*Huntington* v. *Superior Court*, 5 Cal. App. 288 [90 Pac. 141].)

It is ordered that the writ issue as prayed, prohibiting the Superior Court from proceeding further with the trial of the cause.

Works, P. J., and Thompson, J., concurred.