CURTIS, J.
 

 This cause was transferred to this court after decision by the District Court of Appeal of the Fourth District that we might give further consideration to the question raised by petitioners that they were placed in jeopardy at
 
 *352
 
 the first trial of said action when the jury impaneled and sworn to try the case against petitioners was dismissed without their consent and over their protest. The authorities are in unison that jeopardy attaches to a defendant when he is placed on trial before a court of competent jurisdiction upon a valid indictment or information before a jury duly impaneled and charged with his deliverance. At just what stage in the proceedings in a criminal action is the jury “charged with the deliverance” of the defendant on trial? Respondents contend that until the information is read to the jury and the plea of the defendant is stated, the jury is not charged with his deliverance. At the first trial of petitioners the jury was impaneled and sworn but before the indictment was read or the plea stated to the jury the prosecution moved the court to declare a mistrial and discharge the jury. As we have seen, the court granted this motion against the protest of the defendant. This question as to when jeopardy attaches to a defendant placed on trial in a criminal action is settled in so far as the courts of this state have spoken by the authorities cited in the opinion of the District Court of Appeal hereinafter set forth. These authorities hold that a jury stands charged with the deliverance of a defendant when its members have been impaneled and sworn. Respondents cite cases from other jurisdictions to the contrary, but they are not controlling in the face of the decisions of our own courts.
 

 We are also in agreement with the District Court of Appeal in its holding that prohibition is available to petitioners to restrain the further trial of said action. The present action cannot in our opinion be distinguished from the case of
 
 Huntington
 
 v.
 
 Superior Court, 5
 
 Cal. App. 288 [90 Pac. 141]. That case was followed and approved' in
 
 Oliver
 
 v.
 
 Superior Court,
 
 92 Cal. App. 94, 97 [267 Pac. 764]. The rule announced therein must be deemed to be the settled law of this state. We find ourselves therefore in complete accord with the opinion and decision of the District Court of Appeal rendered in this action and written by Mr. Justice Marks, and we adopt said opinion as the opinion of this court. The opinion of the District Court of Appeal is as follows:
 

 “In this original proceeding petitioners seek a writ of prohibition prohibiting the respondent court and judge from proceeding with their trial under an indictment of the grand
 
 *353
 
 jury of San Diego county. Petitioners maintain they have once been placed in jeopardy for the several offenses charged in the indictment.
 

 “Respondents have both demurred to and answered the amended petition, and in the demurrer attack it on both special and general grounds,—uncertainty, failure to state facts sufficient to constitute a cause of action, and lack of jurisdiction. The question of jurisdiction is not pressed. There can be no doubt that this court possesses jurisdiction to entertain and decide a petition for a writ of prohibition.
 

 “Various instances of uncertainty are alleged. The amended petition has attached to it, and made a part of it by reference, a copy of those portions of the reporter’s transcript material to this proceeding. This cures uncertainties appearing in the body of the amended petition, and also cures certain legal conclusions therein contained.
 

 “Respondents urge that the writ should not be issued because petitioners possess a plain, speedy and adequate remedy at law whereby they may preserve the rights which they hope to protect in this proceeding. They maintain that the plea of former jeopardy is one which the petitioners may or may not enter, their action depending on themselves and their counsel; that if the trial court was in error in refusing their request to enter these pleas, and was in error in concluding that jeopardy had not attached, those questions might be raised on appeal if they should be convicted at their second trial, and would serve as a sure ground for reversal of the judgments which might be pronounced against them, which reversals would result in their discharge after the appeal had been decided. That the right to raise this ques-' tion on appeal is plain cannot be doubted. That it is either speedy or adequate is open to serious question.
 

 “It was admitted in argument that the trial will consume several weeks. With such a voluminous record to prepare, considerable time would necessarily elapse before the appeal could be perfected and decided. In view of the considerable discretion vested in us in issuing these writs we are constrained to hold that while the remedy at law is plain it is neither speedy nor adequate under the facts before us and especially in view of the fact that in its final analysis the question before us is one of the jurisdiction of respondents
 
 *354
 
 to again place petitioners on trial for the offenses charged in the indictment found against them.
 
 (Menjou
 
 v.
 
 Superior Court,
 
 128 Cal. App. 117 [16 Pac. (2d) 1007];
 
 Huntington
 
 v.
 
 Superior Court,
 
 5 Cal. App. 288 [90 Pac. 141];
 
 Oliver
 
 v.
 
 Superior Court,
 
 92 Cal. App. 94 [267 Pac. 764].)
 

 “It follows that the demurrer should be overruled and the cause considered on its merits. This will require that we set forth a somewhat detailed statement of the facts which are not in dispute.
 

 “Petitioners were indicted and charged with violations of the Corporate Securities Act. The legal sufficiency of the indictment and the jurisdiction of the trial court are not questioned.
 

 “Petitioners were placed on trial and the court proceeded to impanel a jury. When ten peremptory challenges had been used by each side the trial judge required one of the defendants to exercise a peremptory before the People had used one. (See secs. 1088, 1070, 1098, Pen. Code.) No formal objection to this procedure was made and for a time thereafter peremptory challenges were exercised in that order. Then counsel for defendants (petitioners here) informed the trial judge that he believed this procedure erroneous and stated that he would ask for an added number of peremptory challenges over those allowed by law (sec. 1098, Pen. Code) equal to the number he had used after the erroneous order of exercising such challenges has been enforced. No other objection was made at any time. The trial judge had no occasion to pass on this request because a satisfactory jury was obtained and sworn before either party had exhausted their peremptory challenges.
 

 “A second alleged error was committed while impaneling the jury. In San Diego county one jury panel is used for the several departments of the superior court. Part of this panel was in attendance in the department of the respondent judge and another part was serving in another department. Those jurors completed their services and returned to the department in which petitioners were on trial. Just at what stage of the proceedings this happened does not appear. When the names in the jury box had been exhausted counsel for defendants (petitioners here) informed the trial judge that eleven jurors on the regular panel were sitting in the courtroom and requested that their names be placed in the
 
 *355
 
 jury box, which was done and the trial jury was completed and sworn.
 

 “At this stage in the proceedings the following occurred:
 

 “ ‘MR. DUNN (Assistant District Attorney): If your Honor please, in regard to the impanelment of the jury, we have investigated the law and we find that in our opinion, and I think Counsel will agree, that there probably was error committed which was prejudicial in the rulings made by the Court relative to the exercising of the peremptory challenges. On behalf of the People and also on behalf of the defendants, for that reason we think the error committed is such that it would necessitate the Court in declaring this a mistrial.
 

 “ ‘MR. HERYEY: If the Court please, we would want the record to show—are you moving for a mistrial at this time?
 

 “ ‘MR. DUNN: Yes.
 

 “ ‘MR. HERYEY: Let the record show that the defendants resist the motion.
 

 “ ‘THE COURT: Well, it appears that the Court made or possibly may have made some error in the question of exercising the peremptory challenges—
 

 “ ‘MR. HERYEY: Before your Honor completes his statement, may I say for the record, that our position may be made clear—on behalf of Russell 0. Jackson and on behalf of the defendant Frank A. Scott, we wish the record to show that the defendants are present in court prepared to proceed and object to a mistrial being declared. ’
 

 “The trial court granted the motion, declared a mistrial, discharged the jury and continued the case to the following morning for retrial. Counsel for defendants (petitioners here) moved the trial court for permission to enter pleas of former jeopardy and former acquittal on behalf of both defendants (petitioners here). This motion was denied and this proceeding followed.
 

 “Former jeopardy is thus defined in 8 Ruling Case Law, page 138:
 

 “ ‘A person is in legal jeopardy when he is put on trial, before a court of competent jurisdiction, on an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance, and a jury is said to be thus charged when it is impaneled and sworn. The opinion prevails to some extent
 
 *356
 
 that jeopardy does not attach until a verdict is rendered. This doctrine, however, limits the term jeopardy to mean the same as autrefois acquit or convict. But the word means exposure to danger, and where a person is put on his trial on a charge of a crime before a jury sworn to decide the issue between the state and himself, he is then exposed to danger in that he is in peril of life or liberty. . . .
 

 “ ‘Until the entire jury is selected and sworn jeopardy does not attach, so that a defendant is not entitled to discharge because of former jeopardy, if, on discovering the failure of one of the jurors to take the oath, the jury is resworn and the trial begun
 
 de novo.
 
 But as soon as a jury has been impaneled and sworn jeopardy attaches, and a dismissal of the case, when not authorized by law and without the consent of the defendant, after the jury has been sworn and the trial actually commenced is equivalent to an acquittal of the charge and will constitute former jeopardy on a subsequent trial on the same charge. The rule necessarily implies that the jury sworn shall be one properly constituted, and therefore a defendant is not in jeopardy where the jury selected and sworn is not a legal jury, as for instance where one of the jurors is an alien, and therefore the court may properly withdraw him and substitute a duly qualified person in his place. ’
 

 “The substance of this definition has been approved by the courts of California with the exception of the last sentence which has only been declared by way of
 
 dicta.
 
 (See
 
 People
 
 v.
 
 Webb,
 
 38 Cal. 467;
 
 People
 
 v.
 
 Cage,
 
 48 Cal. 323 [17 Am. Rep. 436];
 
 People
 
 v.
 
 Hunckeler,
 
 48 Cal. 331;
 
 People
 
 v.
 
 Curtis,
 
 76 Cal. 57 [17 Pac. 941];
 
 People
 
 v.
 
 Ammerman,
 
 118 Cal. 23 [50 Pac. 697];
 
 People
 
 V.
 
 Hawkins,
 
 127 Cal. 372 [59 Pac. 697];
 
 People
 
 v.
 
 Stoll,
 
 143 Cal. 689 [77 Pac. 818];
 
 People
 
 v.
 
 Tong,
 
 155 Cal. 579 [102 Pac. 263, 132 Am. St. Rep. 110, 24 L. R. A. (N. S.) 481];
 
 People
 
 v.
 
 Nash,
 
 15 Cal. App. 320 [114 Pac.. 784];
 
 People
 
 v.
 
 Young,
 
 100 Cal. App. 18 [279 Pac. 824].)
 

 ‘ ‘ In
 
 People
 
 v.
 
 Hawkins, supra,
 
 it was said:
 

 “ ‘ It is well settled that the impaneling of the jury is part of a trial
 
 (Silcox
 
 v.
 
 Lang,
 
 78 Cal. 118 [20 Pac. 297]); the legal jeopardy of the defendant has attached when a jury has been “charged with his deliverance”, and the jury stand's
 
 *357
 
 thus charged when its members have been impaneled and sworn. (Cooley’s Constitutional Limitations, 6th ed., 399.)’
 

 “The case of
 
 People
 
 v.
 
 Young, supra,
 
 is so factually similar to the instant ease that it must be considered as controlling here. In that case a jury with two alternates were sworn. The district attorney made his opening statement to the jury. A juror reported that he was acquainted with a witness who was to be called for defendant. Over the objection of defendant the district attorney was permitted to exercise a peremptory challenge on this juror and one of the alternates was drawn and entered the jury box. Defendant was refused leave to enter the plea of former jeopardy. He was convicted and in reversing the judgment and ordering his discharge the court said:
 

 “ ‘Jeopardy signifies the danger of conviction and punishment which one charged with a criminal offense incurs when duly .put upon trial before a court of competent jurisdiction, and a jury has been charged with his deliverance.
 
 (People
 
 v.
 
 Tong,
 
 155 Cal. 579 [132 Am. St. Rep. 110, 24 L. R. A. (N. S.) 481, 102 Pac. 263].) A jury stands so charged when its members have been impaneled and sworn.
 
 (People
 
 v.
 
 Hawkins,
 
 127 Cal. 372 [59 Pac. 697].) His jeopardy is real and he cannot be again subjected to jeopardy unless the jury be discharged without rendering a verdict, by his consent, or upon some legal necessity resulting from physical causes beyond the control of the court.
 
 (People
 
 v.
 
 Hunckeler,
 
 48 Cal. 331, 334;
 
 Ex parte McLaughlin,
 
 41 Cal. 211 [10 Am. Rep. 272].) If deprived of a verdict because an error of law would result in a mistrial, except as provided by statute therefor, the discharge is equivalent to an acquittal and is a bar to a subsequent trial.
 
 (People
 
 v.
 
 Tong, supra.)
 
 A defendant having been placed in jeopardy, it is a bar to another indictment or information for the same offense or for an attempt to commit it, or for an offense necessarily included therein, of which he might have been convicted' under the first indictment or information.
 
 (People
 
 v.
 
 Zeigler,
 
 135 Cal. 462 [67 Pac. 754, 56 L. R. A. 882].) ’
 

 “Respondents seek to avoid the results of these rules by pointing out the alleged errors in impaneling the jury, which we have mentioned, and by arguing that jeopardy cannot attach unless the proceedings leading up to the swearing of the jury be so free from error that a verdict of guilty,
 
 *358
 
 if one be returned, will not be upset on appeal. This seems to be the rule in some states, if not in California. There seems to be much common sense and much sound argument behind such a rule. It might well be asked, how can a defendant be in danger of being deprived of life or liberty if the jury which tries him cannot return a verdict under which he can be punished? However, from the view we take of the case that question is academic here. The errors in impaneling the jury, pointed out by respondents, are not sufficiently substantial to cause a reversal of a judgment if petitioners had been convicted. Further, those errors, if any, were waived by petitioners. That such errors may be waived, and thereby their prejudicial effect, if any, be destroyed, is well established.
 
 (People
 
 v.
 
 Baillie,
 
 133 Cal. App. 508 [24 Pac. (2d) 528];
 
 People
 
 v.
 
 Kelly,
 
 132 Cal. App. 118 [22 Pac. (2d) 526].)
 

 “ It is true that the code provides the order in which peremptory challenges should be exercised. It is also true that it has been held that a departure from such order must be shown to be prejudicial and that where the established order was departed from and a defendant accepted the jury before his peremptory challenges were exhausted he suffered no prejudice from the error.
 
 (People
 
 v.
 
 Troutman,
 
 187 Cal. 313 [201 Pac. 928]. See
 
 People
 
 v.
 
 Durrant,
 
 116 Cal. 179, at 197 [48 Pac. 75].) We conclude that the error in the order of peremptory challenges was not prejudicial and that it was waived.
 

 “Respondents urge that the names of all the jurors from which the jury is to be drawn must be in the jury box from which the names of the prospective jurors are drawn. This statement is only true if subjected to several important exceptions. The exact procedure followed in the instant case was approved in the case of
 
 People
 
 v.
 
 Boomer,
 
 13 Cal. App. 654 [110 Pac. 466], as authorized by the provisions of section 248 of the Code of Civil Procedure. Furthermore, the procedure followed here was upon the suggestion and at the request of counsel for petitioners. Any possible error was thereby waived. A defendant will not be permitted to lead a trial judge into unsubstantial error and then be heard to complain of it.
 

 “ It is our conclusion that petitioners were placed on trial in a court of competent jurisdiction on an indictment
 
 *359
 
 property found and drawn, before a jury legally impaneled and sworn. It follows that under the rules prevailing in California jeopardy attached when the jury was sworn and that respondents have lost jurisdiction to try them again for the offenses of which they, in the eyes of the law, have been acquitted. ’ ’
 

 It is ordered that the demurrer to the amended petition be overruled and that the writ of prohibition be issued as prayed for.
 

 Langdon, J., Edmonds, J., Shenk, J., Waste, C. J., Houser, J., and Seawell, J., concurred.