BISHOP, J.
 

 The People have appealed from an order dismissing this action. The charge made against the defendant was that he had modified the exhaust system of a Mercury coupé in a manner that increased the noise of the motor over that of the original muffler, in violation of section 673, Vehicle Code. After a jury had been selected and one witness was sworn, the defendant moved for a dismissal on the ground that sdction 673 is unconstitutional. The defendant contends (1) that the People have no right of appeal, because jeopardy had attached, and, inconsistently, (2) that the order of dismissal was correctly made. We agree with neither contention.
 

 The procedural facts that we have related all appear from the record before us, consisting of the complaint, the minutes and the notice of appeal. As the record fully presents the problem which the People wish to have determined on this appeal, no occasion arose for the preparation of a statement on appeal, which would be required under other circumstances. (Rule 4, Rules on Appeal from Municipal Courts and Inferior Courts in Criminal cases, published in 29 Cal.2d 2; 50 West’s Cal.Dig. 968.) True, the clerk’s minutes do not state that the jury was sworn, but, as they do not reveal that it was not sworn, we infer that it was, an inference based upon the fact that it is not probable that a
 
 *895
 
 witness was sworn when the jury had not been. As the inference is one essential to the premise upon which the defendant’s contention is based, he cannot find fault with our action in drawing it, and the People are not hurt by it.
 

 The statute (Pen. Code, § 1466) now authorizes the People to appeal “(a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.” We agree with the defendant in his insistence that the defendant had been placed in jeopardy—if the jury had been sworn. See discussions of “jeopardy” in
 
 People
 
 v.
 
 Matiasevich
 
 (1936), 12 Cal.App.2d Supp. 759 [55 P.2d 942, 943], and in
 
 Jackson
 
 v.
 
 Superior Court
 
 (1937), 10 Cal.2d 350, 352, 355-357 [74 P.2d 243, 244, 246-247, 113 A.L.R. 1422]. Citing a number of cases in support of their observation that “The substance of this definition has been approved by the courts of California,” our Supreme Court, in the Jackson case (10 Cal.2d 350, 355-356 [74 P.2d 243, 246, 113 A.L.R. 1422]) quoted this definition of former jeopardy from 8 Ruling Case Law, page 138: “A person is in legal jeopardy when he is put on trial, before a court of competent jurisdiction, on an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance, and a jury is said to be thus charged when it is impaneled and sworn. The opinion prevails to some extent that jeopardy does not attach until a verdict is rendered. This doctrine, however, limits the term jeopardy to mean the same as autrefois acquit or convict. But the word means exposure to danger, and where a person is put on his trial on a charge of a crime before a jury sworn to decide the issue between the state and himself, he is then exposed to danger in that he is in peril of life or liberty ...”
 

 There remains the question. Has the defendant waived jeopardy? It is to be regretted that there has not been a more meticulous use of terms throughout the literature dealing with this matter of jeopardy, but we must take it as we find it. Even the constitutional provisions are not given a, literal interpretation. The Fifth Amendment states: “nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . .” Of this safeguard, the federal Supreme Court remarked, in
 
 Wade
 
 v.
 
 Hunter
 
 (1948), 336 U.S. 684, 688 [93 L.Ed. 974, 978, 69 S.Ct. 834]: “The
 
 *896
 
 double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed.” The same philosophy probably accounts for the refusal of our appellate courts to give literal effect to the declaration of section 13, article I, of our Constitution, that “No person shall be twice put in jeopardy for the same offense.” Various avenues are followed in reaching the conclusion that the defendants may be twice put in jeopardy despite the Constitution. In the early cases of
 
 People
 
 v.
 
 Hunckeler
 
 (1874), 48 Cal. 331, 334, and
 
 People
 
 v.
 
 Higgins
 
 (1881), 59 Cal. 357, 358, the ingenious theory is advanced that when a trial before a jury commences, the jeopardy is “apparent,” and is “real” or “actual” only if nothing interrupts the course of the trial, such as the death of the judge or of a juryman, or the disagreement of the jury. It is concluded, in the Hunckeler case (p. 334) : “A person cannot be twice placed in jeopardy for the same offense; but, in the cases to which we have referred, the happening of the subsequent event which renders the discharge of the jury necessary, shows that the defendant has never been in actual jeopardy.”
 

 In other cases the philosophy followed seems to be to deny the existence of that which stands in the way of the desired end. Although jeopardy had undoubtedly attached, the court, in
 
 People
 
 v.
 
 Curtis
 
 (1888), 76 Cal. 57, 58, 59 [17 P. 941, 942], stated: “As the jury was discharged with the consent of the defendant without rendering a verdict, it must be held that there was no jeopardy and no acquittal.” This statement was quoted in
 
 People
 
 v.
 
 Baillie
 
 (1933), 133 Cal.App. 508, 513 [24 P.2d 528, 530], with the introductory remark: “. . . we do not see how defendant could claim that he had been once in jeopardy ...” The language used in
 
 People
 
 v.
 
 Webb
 
 (1869), 38 Cal. 467, 479-480, would seem to 'put that case in the group being considered in this paragraph: “We are, therefore, of opinion that under our Constitution, which protects a party from a second jeopardy of life, limb, liberty or property, for the same public offense, whatever its grade, a person once placed upon his trial before a competent Court and jury, charged with his ease'upon a valid indictment,
 
 *897
 
 is in jeopardy, in the sense of the Constitution, unless such jury be discharged without rendering a verdict, from a legal necessity, or for cause beyond the control of the Court, such as death, sickness, or insanity of some one of the jury, the prisoner or the Court, or by consent of the prisoner . . Again, in
 
 People
 
 v.
 
 Agnew
 
 (1947), 77 Cal.App.2d 748, 760 [176 P.2d 724, 731, 732], we have the flat statement; “Where a jury has been discharged with the consent of the defendant without rendering a verdict there was no jeopardy ...”
 

 Some cases make a more realistic approach to the result they wish to attain, and while recognizing the fact that the defendant has been in jeopardy, simply hold that, under certain conditions, the defendant may not be heard to say that he has been once in jeopardy. We note:
 
 People
 
 v.
 
 Travers
 
 (1888), 77 Cal. 176 [19 P. 268];
 
 People
 
 v.
 
 Kelly
 
 (1933), 132 Cal.App. 118, 121-122 [22 P.2d 526].
 

 Now we come to those cases where the defendant is said to have waived his right to rely upon the defense of once in jeopardy. In the first of these,
 
 People
 
 v.
 
 Ham Tong
 
 (1909), 155 Cal. 579 [102 P. 263, 132 Am.St.Rep. 110, 24 L.R.A.N.S. 481], the Supreme Court was unanimous in reversing the order denying a new trial, although three justices were the most that concurred in any one opinion. Six were agreed, however, that the defendant had been in jeopardy (he had been convicted of robbery on an information charging grand larceny), but that he waived his constitutional immunity from double jeopardy by his successful effort to obtain a new trial. (An interesting discussion follows the statement: (155 Cal. 583 [102 P. 263, 132 Am.St.Rep. 110, 24 L.R.A.N.S. 481]) : “There are few questions upon which courts have differed more radically than they have disagreed upon those arising from considerations of jeopardy. We find all shades of opinion.”) In
 
 In re Colford
 
 (1924), 68 Cal.App. 308, 311 [229 P. 63, 64], the court quotes from 8 Ruling Case Law 141 and from section 1016, Bishop’s New Criminal Procedure, to the effect that a defendant who allows an imperfect verdict to be rendered, without objection, waives the right to plead once in jeopardy if the verdict is set aside and a retrial ordered. In
 
 Brewster
 
 v.
 
 Swope
 
 (1950), 180 F.2d 984, 986, we read: “An example of a permissible second trial is one granted upon the accused’s motion or appeal, in which case it is said that the accused has waived his right to claim double-jeopardy.”
 

 
 *898
 
 Turning; again, to the provisions of section 1466, Penal Code, if we could bring ourselves to say that it was only an apparent, not a real jeopardy, in which the defendant had been placed, or if we believed that in the light of what happened “there was no jeopardy,” then we could conclude that the People were authorized to appeal because the order of dismissal was made before the defendant was placed in jeopardy. We are unwilling to rest upon this solution of our problem. We are face to face, then, with the inquiry: was jeopardy waived within the meaning of section 1466 ?
 

 Some effect, must, of course, be given to the words “jeopardy was waived,” and as we read the cases, we have no trouble in determining what that meaning is. It cannot be the waiver that occurs when the defendant fails to plead once in jeopardy, a waiver illustrated by the cases reviewed in
 
 In re Burns
 
 (1947), 78 Cal.App.2d 294, 301 [177 P.2d 649, 653], for the waivers there dealt with are those that appear when the defendant is, or is about to be, placed in jeopardy the second time. Plainly, the People’s right to appeal from a judgment of dismissal is not made conditional upon the defendant’s action if the judgment of dismissal is reversed and a new trial threatened. That which the Legislature was endeavoring to guard against was the authorization of appeals in cases where they would be futile because of the existence of a good defense of once in jeopardy. However, if the defendant had done something that would deprive him of the right to interpose such a defense, he may be said to have waived it, and an appeal would not be futile. We find the best expression of the principle which controls here in this quotation from 8 Ruling Case Law, section 141, found in
 
 Craig
 
 v.
 
 United States
 
 (1936), 81 F.2d 816, 819-820: “It may be stated as a general rule that where an indictment is quashed at the instance of the defendant, though after jeopardy has attached, he cannot thereafter plead former jeopardy when placed on trial on another indictment for the same offense. His action in having the indictment quashed constitutes a waiver of his constitutional privilege.”
 

 A case in essence like ours, is
 
 People
 
 v.
 
 Nash
 
 (1911), 15 Cal.App. 320 [114 P. 784, 786]. The defendant, on trial before a jury, moved that the jury be dismissed, and an order to that effect was made. Then a demurrer filed by him was sustained and a judgment of dismissal entered. The defendant objected to the People’s appeal on the ground that having been once in jeopardy he could not be retried. “The consent
 
 *899
 
 by defendant to discharge of jury without verdict, ’ ’ the court stated, “is a bar to his plea of ‘once in jeopardy.’ ’’ Whether we call it a bar or a waiver, the result is the same, to this extent: the prior jeopardy does not stand in the way of a second trial, if the dismissal be set aside. When the dismissal is the result of the defendant’s prodding, as here, the situation created, that is, a trial that does not culminate in either an acquittal or a conviction, is of his doing, and, within the purview of the section, he has waived his right to defend on the ground that he was once in jeopardy.
 

 At the time we decided
 
 People
 
 v.
 
 Matiasevich, supra, 12
 
 Cal.App.2d Supp. 759 [55 P.2d 942], section 1466 did not refer to the waiver of jeopardy, and we did not consider the possibility that the defendant’s active participation in the events leading to a dismissal of the action would stand between him and a successful plea of once in jeopardy. Had we that case before us today, we would hold that the People were authorized to appeal.
 

 Because a defendant may take inconsistent positions, the defendant may be heard to say both (1) that he was once in jeopardy which would not be so if the statute were void on which the prosecution is based
 
 (People
 
 v.
 
 Terrill
 
 (1901), 133 Cal. 120, 129 [65 P. 303] and (2)), that the statute is void. We have considered each of the arguments made in support of defendant’s contention that the provision of section 673, Vehicle Code, involved here, is unconstitutional, and find none of them persuasive.
 

 The order dismissing the action is reversed; the cause is remanded for trial.
 

 Shaw, P. J., concurred.