[Civ. No. 5811.   Fourth Dist.   June 19, 1958.]

DEMETRIOS PALESTIS et al., Appellants, v. WEBER AND MILLER (a Partnership) et al., Respondents.

T. T. Crittenden for Appellants.

No appearance for Respondents.

McCABE, J. pro tem.*—Plaintiffs appeal from a judgment entered after arbitration.

Plaintiffs brought an action for declaratory relief under certain agreements which existed between themselves and defendants. Plaintiffs had contracted with defendant Weber & Miller for the construction of a house. Further, plaintiffs had entered into certain agreements with defendant Weber & Miller and the other defendants regarding financing and the controls to be placed on the construction money involved in the building of the house.

On the date set for trial all parties, through their respective counsel, entered into a stipulation in open court with plaintiffs present to refer the matter of any deficiencies and defaults to a specifically designated arbitrator, for determination by him and to be bound by any report and findings made by the arbitrator. The arbitrator made his report to the court and parties. Upon a hearing and over the objections of plaintiffs the court accepted the arbitrators report. Findings of fact and conclusions of law based thereon were duly drawn, filed, noticed and signed by the trial court. Judgment was entered accordingly.

Although the judgment entered was entitled ''interlocutory,'' this court has previously denied a motion to dismiss this appeal on the ground that it was an interlocutory judgment.

Plaintiffs make no contention that their attorney did not have authority to enter into the stipulation or that it was not properly entered in the minutes, but do contend that the stipulation was not as the trial court stated it. This contention is easily resolved since the transcript of the proceedings is before the court. In part, the stipulation is as follows:

''THE COURT: . . . Let the record show that the parties have stipulated to the appointment by the Court of Mr. Paderewski . . . architect for the investigation of the contentions of the parties as to deficiencies and defaults on the part of either of the parties and to make this report in writing to the court concerning the matters so investigated . . . that the parties will be bound by the findings of the architect. . . . Now do these parties so stipulate?

''MR. WILSON: Stipulated by the defendants Weber & Miller.

''MR. FOLSOM: Yes.

*Assigned by Chairman of Judicial Council.

492

"MR. JONES: Yes.

"THE COURT: Did you Mr. Crittenden?

"MR. CRITTENDEN: Yes. When you say all parties, you mean all parties hereto?

"THE COURT: Yes. . . ."

By the stipulation, plaintiffs agreed to be bound by the report of the arbitrator. When the report was filed in the trial court plaintiffs attempted to remove themselves from the effects of the stipulation on the grounds the arbitrator had not acted or decided in accordance with their desires.

Pursuant to the stipulation the trial court accepted the report. This the trial judge had the right and duty to do. (See *Wholesale T. Dealers* v. *National etc. Co.,* 11 Cal.2d 634, 662 [82 P.2d 3, 118 A.L.R. 486].) Appellants by entering into the stipulation cannot complain of what they caused the court to do. (See *People* v. *Kobey,* 105 Cal.App.2d 548, 560 [234 P.2d 251]; *Jackson* v. *Superior Court,* 10 Cal.2d 350 [74 P.2d 243, 113 A.L.R. 1422].) The same arguments presented on the point by plaintiffs to the trial court are now urged on this appeal. The stipulation being a form of an agreement or contract the trial court and the appellate court are bound by it. (See 50 Am.Jur., Stipulations, § 3; *Hackfeld* v. *United States,* 197 U.S. 442 [25 S.Ct. 456, 49 L.Ed. 826]; *Rickenberg* v. *Capitol Garage,* 68 Utah 30 [249 P. 121].)

Plaintiffs raise other issues regarding the arbitration report, claiming the trial court did not apply the sections of the Code of Civil Procedure definitive of arbitration and arbitration proceedings. These issues will not be taken up seriatim because, contrary to customary arbitrary and arbitration proceedings and agreements, here the plaintiffs specifically and definitely agreed to be bound by the findings and report of the arbitrator. Thus, by their own act, they took this arbitration from the operative effect of the sections of the Code of Civil Procedure. Obviously, they had the right to do so. They must accept the report, the findings of fact, conclusion of law and judgment based thereon.

Another contention of plaintiffs is that a reading of the original complaint, together with the records, will disclose that they have been deprived of "due process" guaranteed by the Constitutions of the United States and the State of California. If plaintiffs were serious in this contention, they could have supplied this court with all the necessary filings and record. All such filings and record are not before this court and no motion or proceedings have been taken by plain-

tiffs to augment the records or to otherwise get these matters before this court. The portion of the record which is before this court reflects the plaintiffs never intended to have these records before this court. In the Notice to Prepare Clerk's Transcript and Designation of Papers to be Copied some of the papers plaintiffs now refer to were stricken by the plaintiffs from the notice, and thus were never prepared.

The judgment is affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.

A petition for a rehearing was denied July 15, 1958, and appellants' petition for a hearing by the Supreme Court was denied August 13, 1958.